IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MATTHEW SPRIGGS and KATHERINE SPRIGGS, | ) ) ) | |
| Plaintiffs, | ) ) ) | 1:23CV27 |
| v. | ) ) | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs Matthew and Katherine Spriggs allege that Defendants issued them a homeowners insurance policy and subsequently failed to pay a covered claim for stolen personal property. (*See* ECF No. 2 ¶¶ 7–35.) After Plaintiffs initiated this action in state court, Defendants United Services Automobile Association ("USAA"), USAA Casualty Insurance Company ("CIC"), USAA General Indemnity Company ("GIC"), and Garrison Property and Casualty Insurance Company ("Garrison") removed it to this Court. (ECF No. 1.) This matter is now before the Court on Plaintiffs' Motion to Remand pursuant to 28 U.S.C. § 1447(c), (ECF No. 7), and Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, (ECF No. 12).[1]  For the reasons that follow, the Court will grant Plaintiff's motion to remand and the Court will deny Defendants' motion to dismiss as moot.

I.  BACKGROUND

Plaintiffs originally filed this action in the Superior Court of North Carolina for the County of Guilford against USAA, CIC, GIC, and Garrison.  (ECF No. 2 at 1.)  The Complaint alleges that all four Defendants insured Plaintiffs' property pursuant to a certain Homeowner's Insurance Policy (the "Policy"), (*id.* ¶ 7), and that all four Defendants failed to properly pay for a claim made under the Policy, (*id.* ¶ 31).  Based on these allegations, Plaintiffs claim that Defendants are liable for breach of contract, breach of the covenant of good faith and fair dealing, and unfair and deceptive trade practices.  (*Id.* ¶¶ 36–55.)

The Complaint also alleges that Plaintiffs and USAA were North Carolina citizens at the time of the events giving rise to the Complaint.  (*Id.* ¶¶ 1–2.)  Defendants nevertheless removed this action to this Court on the basis of diversity jurisdiction.  (ECF No. 1 ¶¶ 4, 6, 14.)  Defendants' Notice of Removal alleges that USAA's citizenship must be disregarded in determining if there is complete diversity in this case pursuant to the doctrine of fraudulent joinder, and that, disregarding USAA, complete diversity exists.  (*Id.* ¶¶ 4–14.)

As Plaintiffs' Motion to Remand, (ECF No. 7), challenges whether this Court has jurisdiction, the Court will address it before turning to Defendants' Motion to Dismiss, (ECF No. 12).

---

[1] The Motion to Dismiss is made by Defendants USAA, CIC, and GIC.  (ECF No. 12 at 1.) Defendant Garrison did not join the motion.  (*Id.*)

## II. PLAINTIFFS' MOTION FOR REMAND

### A. Standard of Review

A motion to remand must be granted where the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). To establish subject matter jurisdiction through diversity, the removing party must show that (1) the amount in controversy exceeds $75,000, and (2) there is complete diversity between the parties, meaning no plaintiff shares state citizenship with any defendant. 28 U.S.C. § 1332(a)(1); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). A case lacking complete diversity may nevertheless be removed to federal court, however, if all nondiverse defendants were fraudulently joined. *See Johnson*, 781 F.3d at 704. The fraudulent joinder doctrine permits a district court to "disregard" the citizenship of fraudulently joined defendants, assume jurisdiction over the case, and dismiss the nondiverse defendants. *Id.*

A party alleging fraudulent joinder bears the "heavy burden" to show either (1) "outright fraud" or (2) that there is "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). Under the second path, defendants must prove that the plaintiff has no "glimmer of hope"—even a "slight possibility of a right to relief" requires remand. *Hartley*, 187 F.3d at 426. This "rigorous standard" is "'even more favorable to the plaintiff than the standard for ruling on a motion to dismiss,'" since a court "must resolve all legal and factual issues in their favor." *Johnson*, 781 F.3d at 704 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999)). A court may look beyond the pleadings and consider the entire record to determine a plaintiff's possibility of recovery but should not

3

"delv[e] too far into the merits" of the case, since to do so would "thwart[] the purpose of jurisdictional rules." *Hartley*, 187 F.3d at 425; *see Mayes*, 198 F.3d at 464.

B. Discussion

Initially, the Court finds the amount in controversy in this case exceeds the $75,000 jurisdictional threshold. (ECF No. 2 ¶¶ 15, 20.) The parties agree on this point. (*Id.*; ECF No. 1 ¶¶ 15–16.) The Court also finds that the Complaint alleges that both Plaintiffs and USAA were North Carolina citizens at the time of the events giving rise to the Complaint. (ECF No. 2 ¶¶ 1–2.) The parties agree on this point as well. (*Id.*; ECF No. 1 ¶¶ 4, 6.) Thus, the sole question for the Court is whether Defendants have shown that USAA has been fraudulently joined.[2]

Defendants' Notice of Removal makes clear that they are not proceeding on the "outright fraud" prong of the doctrine of fraudulent joinder. (ECF No. 1 ¶ 7.) Rather, Defendants removed this action because they believe that there is "no possibility that the Plaintiffs will establish a cause of action against USAA." (*Id.*) According to Defendants, Plaintiffs cannot maintain their contractual claims against USAA because USAA is not a party to Plaintiffs' contract of insurance and under North Carolina law "a non-party to a contract cannot be held liable for any breach that may have occurred." (ECF No. 18 at 6 (quoting *Howe v. Links Club Condo. Ass'n*, 823 S.E.2d 439, 448 (N.C. Ct. App. 2018)).) Defendants additionally argue that Plaintiffs cannot maintain their unfair and deceptive trade practices claim against USAA because Plaintiffs' Complaint uses collective pleading, alleging actions

---

[2] Although Defendants contend that CIC and GIC were also fraudulently joined, (ECF No. 1 ¶¶ 3, 7), the Complaint does not allege that CIC or GIC are citizens of North Carolina whose presence in this suit would destroy diversity, (ECF No. 2 ¶ 2). Accordingly, the Court will address only USAA in its jurisdictional analysis.

4

taken by all four "Defendants", rather than making any allegations of unfair and deceptive trade practices committed specifically by USAA. (*Id.* at 9–12.) Finally, Defendants, in response to an argument made by Plaintiffs regarding abstention, contend that there is no basis for this Court to find that it has jurisdiction but nevertheless abstain from exercising it under any applicable abstention doctrine. (*Id.* at 13.)

Plaintiffs counter that USAA is, in fact, an insurer that issued the Policy according to the face of the Policy, which bears USAA's logo and references USAA throughout. (ECF No. 8 at 2.) Plaintiffs also highlight certain extrinsic evidence related to their interactions with USAA that they contend supports that USAA is their insurer. (*Id.* at 3, 5.) Regarding their unfair and deceptive trade practices claim, Plaintiffs argue that it is not true that they did not make specific allegations regarding what USAA did that injured them; they point out that the Complaint alleges that the four Defendants worked together in wrongfully denying Plaintiffs' insurance claim, and they point out that they attached correspondence from USAA pertaining to the claim adjustment as exhibits to the Complaint. (ECF No. 20 at 11–13.)

Based on a review of the Policy and other evidence submitted by the parties, the Court finds that Defendants have not established that there is no possibility that USAA was an insurer with obligations to Plaintiffs pursuant to their Policy. Accordingly, Plaintiffs have at minimum a glimmer of hope for relief against USAA in the Superior Court of North Carolina for the County of Guilford and this action must therefore be remanded to that court.

Starting with the Policy itself, according to Defendants, "[n]owhere in the Policy is there any representation that USAA is a party to the Policy or is obligated to provide insurance coverage under the Policy." (*Id.* at 7.) Defendants also contend that "the plain terms of the

5

Policy demonstrate, in several ways, that it was issued by Garrison, not USAA or any other Defendant." (*Id.* at 3.) To support that contention, Defendants state that "the unsworn declaration on the first page of the policy identifies Garrison as the company that issued the policy"; "Garrison's name is clearly printed on the top of the Renewal Declarations Page"; and "the prefix 'GAR' appears at the beginning of the policy number displayed on most pages of the Policy." (*Id.*)

Defendants' arguments are not persuasive. First, the unsworn declaration highlighted by Defendants is not part of the Policy and does not state that the Policy was issued by Garrison. (ECF No. 13-1 at 1.) The header of the declaration has both the USAA logo and name "Garrison Property and Casualty Insurance Company," and the body of the declaration states only that the declarant "declare[s] . . . that the foregoing [identifying the declarant] and attached (policy) is a true and correct copy." (*Id.*) Similarly, the only pages of the Policy that bear the text "Garrison Property and Casualty Insurance Company" do so either in page headers alongside the USAA logo or in a list of entities that also includes "United Services Automobile Association." (*Id.* at 6–7, 15.) As for the "GAR" prefixes, this is not strong evidence that Garrison and only Garrison is Plaintiffs' insurer.

In addition to reviewing what Defendants directed the Court to, the Court has independently reviewed the Policy for statements regarding the identity of the issuing insurer. The Court has not found any other references to Garrison in the Policy other than the ones already discussed. Additionally, the Court has found only two definitions that clearly pertain to the responsible insurer's identity. One of these merely states that "'We, 'us' and 'our' refer to the Company providing this insurance," (ECF No. 13-1 at 22), which is not a useful

6

definition when the question is which company is providing the insurance. The other definition states that throughout the Policy "[w]e, us, our, USAA, Company, or Reciprocal Interinsurance Exchange means United Services Automobile Association." (*Id.* at 21.) This strongly suggests that USAA is a party to the Policy. However, this latter definition is made within a "Special Form – Homeowners Policy" section that also contains a disclaimer that states "[t]his is not the insurance contract and only the actual policy provisions will control." (*Id.* at 20.)

Given that Defendants' arguments based on the Policy are not persuasive, that the Court's independent review of the Policy did not definitively identify which insurer issued the Policy, and that USAA does appear repeatedly throughout the Policy, the Court finds that nothing in the Policy forecloses the possibility that Plaintiffs can maintain an action against USAA. This does not end the Court's jurisdictional inquiry, however, because the parties have also offered evidence extrinsic to the Policy to support their respective positions.

The Court begins its review of the other evidence with the declaration that Defendants attached to their Notice of Removal, (ECF No. 1-3). In this declaration, an Executive Director, Operations and Planning for USAA states that the Policy was "issued by Garrison" and that "[n]o other defendant is party to that policy." (*Id.* ¶ 4.) This evidence favors Defendants' arguments.

However, both Plaintiffs have also submitted declarations, and these declarations state that they purchased their Policy from USAA and always believed that they were insured by USAA. (ECF Nos. 7-1 ¶¶ 3–4; 7-2 ¶¶ 3–4.) The Plaintiffs additionally declare that when they filed the insurance claim at the heart of this action, they did so by going to the USAA website,

7

calling USAA phone numbers, and using USAA's digital portal. (ECF Nos. 7-1 ¶ 5; 7-2 ¶ 5.) In doing so, they "spoke with USAA agents, employees, and representatives who held themselves out to [them] as agents, employees and/or representatives of USAA." (ECF Nos. 7-1 ¶ 5; 7-2 ¶ 5.) Plaintiffs also declare that when their insurance claim was denied, this was done by a person identifying himself as "William with USAA" calling Plaintiff Matthew Spriggs and leaving a voicemail. (ECF Nos. 7-1 at 2–3; 7-2 at 2–3.) In this voicemail, "William with USAA" explained that although a $5,000 advance had been paid to Plaintiffs for their insurance claim, "we will have to have [a] conversation on how to get those funds back as the policy does not provide coverage." (ECF No. 7-2 at 3.)

The record before the Court also contains copies of some of the written communications between Defendants and Plaintiffs pertaining to Plaintiffs' insurance claim. (*See* ECF No. 1-2 at 50 *et seq.*) Like the Policy itself, these documents refer both to USAA and Garrison in a manner that makes it unclear which insurer is responsible for Plaintiffs' insurance. For example, the receipt for the $5,000 advance has the USAA logo next to the words "Garrison Property and Casualty Insurance Company" in the header, but then identifies Plaintiff Matthew Spriggs as the "USAA policyholder" who received the payment, and then in the signature area identifies the sender of the receipt as "USAA." (*Id.* at 50.) USAA and/or Garrison also sent a claims coverage decision letter to Plaintiff Matthew Spriggs that again identified him as a "USAA policyholder," directed communications to the "USAA Claims Department," but, in the signature area, stated that the communication was sent by someone from "Property Claims Unit 14, Garrison Property and Casualty Insurance Company." (*Id.* at 52–53.) Another communication informing Plaintiff Matthew Spriggs that the issue of

8

repaying the $5,000 was "in the process of getting assigned to collections if we don't receive payment," was signed by an employee of the "Subrogation Department, United Services Automobile Association." (*Id.* at 58.)

At this juncture, the Court observes that the present circumstances appear nearly identical to those faced by another federal district court in *Hall v. United Service Automobile Ass'n*, 21-CV-4, 2021 WL 4255614 (E.D. Ky. Sept. 17, 2021). In *Hall*, as in this case, plaintiffs sued USAA and Garrison in a state court for failing to pay a claim on an insurance policy allegedly issued by both USAA and Garrison. *Id.* at *1. Garrison removed the case to federal district court, arguing that USAA had been fraudulently joined to defeat diversity jurisdiction. *Id.* Garrison submitted a copy of the policy at issue and a declaration from a vice president of USAA stating that Garrison alone issued the policy. *Id.* at *2. The federal district court found that "the record [was] sufficiently ambiguous as to whether USAA was a signatory to . . . the insurance contract" to warrant remand. *Id.* The court pointed out that the policy "[did] not expressly state which entity [was] the insurer, and contain[ed] numerous references to [USAA and Garrison]." *Id.* The court further noted that "[t]he declarations page . . . include[d] Garrison's name at the top, but also include[d] USAA's insignia," that "the first page of the policy [did] not mention Garrison and clearly state[d] that USAA [was] the entity that determine[d] the amount the insures pay in premiums," and that the policy defined words such as "we," "us," and "our" as "the Company providing this insurance" on a page that read "USAA Casualty Insurance Company" at the top. *Id.* at *2–3.

Beyond the policy itself, the court in *Hall* found that a claim letter sent to one of the plaintiffs "raise[d] further questions about whether Garrison [was] the only insurer on the

policy." *Id.* at *3. This letter described the plaintiff as a "USAA Policyholder," listed the plaintiff with a "USAA member number," and thanked the plaintiff "for trusting USAA for your insurance needs." *Id.* The court also noted that USAA's retained law firm had sent a letter to the plaintiff asking him to participate in a claim investigation, stating that "USAA is investigating [the claim]," and making no mention of Garrison. *Id.*

This Court finds that *Hall* is directly on point with the situation here, and it is persuasive.[3] Plaintiffs' Policy never identifies Garrison and Garrison alone as the issuing insurer. Instead, the Policy consistently references Garrison and USAA together, and, in the only place where the Policy does specify who will pay claims made on it, it identifies USAA (albeit with a disclaimer that this section is not part of the contract). Additionally, while Defendants have presented a declaration that only Garrison issued the Policy, Plaintiffs have submitted evidence of at least equal strength that supports that USAA has responsibility for paying claims. The correspondence showing that USAA paid an advance on Plaintiffs' claim

---

[3] Defendants argue that *Salkin v. United Services Automobile Ass'n*, 767 F. Supp. 2d 1062 (C.D. Cal. 2011), *Crossroads Trucking Corp. v. TruNorth Warranty Plans of North America, LLC*, 21-CV-318, 2022 WL 3952221 (W.D.N.C. Aug. 31, 2022), and *Howe v. Links Club Condominium Ass'n*, 823 S.E.2d 439 (N.C. Ct. App. 2018) support their position. (ECF No. 18 at 6–8.) These cases are distinguishable. In *Salkin*, the court considered whether USAA could be sued on an insurance policy issued by its subsidiary USAA Life Insurance Company based on either an alter ego or an agent-in-fact theory. 767 F. Supp. 2d at 1065–68. There appears to have been no dispute that the policy at issue in *Salkin* named USAA Life Insurance Company and only USAA Life Insurance Company as the plaintiffs' insurer, as the court's opinion seems to take this for granted. *See id.* Additionally, this Court has identified the policy at issue in *Salkin* on the docket for that case, and notes that it explicitly defined "We, Our, Us, Company" as "USAA Life Insurance Company." Notice of Removal of Action to United States District Court, *Salkin v. United Servs. Auto. Ass'n*, 10-CV-1322 (C.D. Cal. Sept. 1, 2010), ECF No. 1 at 40. Similarly, in *Crossroads Trucking*, the court analyzed a contract that identified the capacities in which the defendants had signed it, 2022 WL 3952221, at *3, and in *Howe* the plaintiff did not allege that the defendant who sought dismissal was a party to the contract at issue and the contract "explicitly state[d] that it was 'made . . . by [a different defendant]' only," 823 S.E.2d at 449.

10

and later told Plaintiffs to return the money to USAA because the claim was not covered is particularly strong evidence in Plaintiffs' favor.

Accordingly, the Court finds Defendants have not carried their "heavy burden" under the fraudulent joinder doctrine of showing that Plaintiffs lack even a "glimmer of hope" of showing a state court that USAA was a party to their contract of insurance whom they can sue for breaching said contract. In remand cases, where there is any doubt as to this Court's jurisdiction, the case must be remanded. *Hartley*, 187 F.3d at 425. The Court finds that it lacks jurisdiction in this case and therefore will grant Plaintiffs' Motion to Remand.[4] As this Court lacks jurisdiction and is remanding this case, Defendant's Motion to Dismiss will be denied as moot.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 7), is **GRANTED IN PART** to the extent that this case is **REMANDED** to the General Court of Justice, Superior Court Division, Guilford County, North Carolina, and **DENIED IN PART** as to Plaintiffs' request for costs, expenses, and attorneys' fees.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 12), is **DENIED** as moot.

---

[4] Plaintiffs also requested "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in their Motion to Remand. (ECF No. 7 at 2.) This request is denied. "Such fees [and costs and actual expenses] may be awarded under 28 U.S.C. § 1447(c). However, they are not required. Plaintiff[s] ha[ve] not briefed the issue of fees and this alone is enough to deny the request." *Willard v. United Parcel Serv.*, 413 F. Supp. 2d 593, 601 (M.D.N.C. 2006).

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Guilford County Superior Court Clerk and terminate the proceedings in this Court.

This, the 24th day of May 2023.

/s/Loretta C. Biggs
United States District Judge